# EXHIBIT A

REDACTED FOR CONGRESS

Office of the Director

U.S. Department of Homeland Security
500 12th Street, SW
Washington, DC 20536



U.S. Immigration
and Customs
Enforcement

May 12, 2025

MEMORANDUM FOR:   All ICE Personnel

FROM:   Todd Lyons
Acting Director

SUBJECT:   Utilizing Form I-205, Warrant of Removal

On January 20, 2025, President Donald J. Trump issued Executive Order 14159, *Protecting the American People Against Invasion*, directing the Secretary of Homeland Security to "ensur[e] the successful enforcement of final orders of removal." 90 Fed. Reg. 8443, 8444 (Jan. 20, 2025) (E.O. 14159). Essential to the removal of aliens subject to final orders of removal is the ability to locate and arrest them. To this end, certain supervisory immigration officers within both Enforcement and Removal Operations (ERO) and Homeland Security Investigations (HSI)[1] are authorized to issue an administrative warrant, Form I-205, *Warrant of Removal* (Form I-205), for the arrest of an alien with a final order of removal. 8 C.F.R. § 241.2(a)(1). All U.S. Immigration and Customs Enforcement (ICE) special agents and deportation officers are authorized to execute Forms I-205. 8 C.F.R. § 287.5(e)(3)(iii)-(v).

Although the U.S. Department of Homeland Security (DHS) has not historically relied on administrative warrants alone to arrest aliens subject to final orders of removal in their place of residence, the DHS Office of the General Counsel has recently determined that the U.S. Constitution, the Immigration and Nationality Act, and the immigration regulations do not prohibit relying on administrative warrants for this purpose. Accordingly, in light of this legal determination, ICE immigration officers may arrest and detain aliens subject to a final order of removal issued by an immigration judge, the Board of Immigration Appeals (BIA), or a U.S.

---

[1] *See*, 8 C.F.R. § 241.2(a)(1)(i)-(xiii); ICE Delegation Order No. 0001, *Delegation of Authority to the Directors, Detention and Removal and Investigations, and to Field Office Directors, Special Agents in Charge and Certain Other Officers of the Bureau of Immigration and Customs Enforcement* (June 6, 2003); ICE Delegation Order No. 73005.1, *Immigration Enforcement Authority of the Director of the Office of Investigations* (Mar. 5, 2007); ERO Delegation Order 0001.1, *Re-delegation of Certain Detention and Removal Authority* (July 25, 2019).

district court judge or magistrate judge in their place of residence.[23] ICE immigration officers should consider all available enforcement mechanisms, including the use of a Form I-205 to arrest an alien in their place of residence, to achieve the requirements of E.O. 14159 in accordance with applicable law and policies.

This guidance informs the use of Forms I-205 and provides to ICE law enforcement personnel a reminder of the general limitations and exceptions that may apply when effectuating arrests in an alien's residence.

## General Guidelines

ICE law enforcement officers receive extensive training on the legal and procedural requirements for making administrative and criminal arrests. ICE personnel must remain cognizant of all existing laws and policies pertaining to arrests when carrying out civil immigration enforcement actions.

Prior to entering a residence to conduct an administrative immigration arrest pursuant to Form I-205, officers and agents must ensure the Form I-205 is properly completed and is supported by a final order of removal issued by an immigration judge, the BIA, a U.S. district court, or a magistrate judge. This is essential because that order establishes probable cause. Officers and agents must also have reason to believe that the subject alien resides at and is currently located in the address where the Form I-205 is to be served.

Before entering a residence pursuant to Form I-205, ICE officers and agents must "knock and announce." In announcing, officers and agents must state their identity and purpose. Following announcement, officers and agents must allow those inside the residence a reasonable chance to act lawfully. Should the alien refuse admittance, ICE officers and agents should use only a necessary and reasonable amount of force to enter the alien's residence, following proper notification of the officer's or agent's authority and intent to enter. ICE officers and agents must not effectuate an arrest in a third-party residence without consent, exigency, or a judicial warrant to enter the third-party residence.

To be clear, a Form I-205 is not a search warrant and should only be used to enter the residence of the subject alien to conduct an administrative immigration arrest. Once inside the residence, officers and agents may conduct a limited search of the immediate area to ensure officer safety

---

[2] This guidance addresses only the use of administrative warrants to arrest aliens subject to final orders of removal issued by an immigration judge, the BIA, or a U.S. district court judge or magistrate judge in their place of residence. This scoping is not intended to concede that an administrative warrant would be insufficient to arrest an alien in his or her place of residence prior to a final order of removal or where there is a final order of removal issued by an immigration officer.

[3] In granting summary judgment in *Kidd v. Mayorkas*, the U.S. District Court for the Central District of California held that the warrant requirements of the Fourth Amendment "require a judicial warrant to enter a home or its curtilage." 734 F. Supp. 3d 967, 984 (C.D. Cal. 2024). Unless and until this decision is vacated, ERO and HSI immigration officers may not enter into the curtilage for either a knock and talk or an immigration arrest absent a judicial warrant within the Central District of California.

REDACTED FOR CONGRESS

only. Any evidence of a crime observed, where the incriminating nature is immediately apparent, may be seized under the plain view doctrine.

Consistent with longstanding practice, ICE officers and agents should not generally enter a residence before 6 a.m. or after 10:00 p.m. And, above all else, officers and agents should take reasonable measures to ensure officer safety.

### Exceptions

The standard exceptions to the Fourth Amendment warrant requirement apply equally in the context of Form I-205 warrants.

ICE officers and agents may obtain consent to enter a residence, including the residence of a third party, to make an arrest. Consent for entry must be provided voluntarily by someone with authority over the residence and may be limited in scope to certain areas of a property. Consent for entry may be revoked at any time by the authorizing party.

In the absence of a judicial warrant or a Form I-205 combined with an appropriate final order of removal, exigent circumstances can allow for ICE officers or agents to make entry into a residence. Some examples of exigent circumstances include: (1) hot pursuit; (2) probability of destruction of evidence; (3) the possibility of violence; (4) knowledge that a suspect is fleeing or attempting to flee; and (5) a substantial risk of harm to the persons involved or to the law enforcement process if the officer or agent must wait for a warrant.

After a lawful entrance, if an ICE officer or agent has a reasonable belief, supported by articulable facts, that a person who poses a danger to officers and agents is in the residence, officers and agents may conduct a cursory inspection of the spaces within the residence, limited to spaces where a person might be found.

The above information should serve as general guidance for consideration prior to and when effectuating an arrest in an alien's place of residence using a Form I-205 in combination with a final order of removal issued by an immigration judge, the BIA, a U.S. district court, or a magistrate judge.

Please direct any further questions to your management and the Office of the Principal Legal Advisor.

### Disclaimer

This guidance does not, is not intended to, and may not be construed to create or modify any right or benefit, substantive or procedural, enforceable at law by any party against the United States, its agencies, its officers, or any person.