**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| GREATER BOSTON LATINO NETWORK, BRAZILIAN WORKER CENTER, INC., *et al.*, <br><br> *Plaintiffs*, <br><br> *v.* <br><br> MARKWAYNE MULLIN, in his official capacity as Secretary of the U.S. Department of Homeland Security, *et al.*, <br><br> *Defendants*. | No. 1:26-cv-10472-JEK |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO EXCEED DEFAULT PAGE LIMIT**

Defendants opposed Plaintiffs' prematurely filed motion seeking an extension of pages for a contemplated motion for summary judgment because of the current posture of this case. Plaintiffs moved for leave to file a 35-page motion for summary judgment—beyond the Local Rule's ordinary 20-page limit, *see* Local Rule 7.1(b)(4)—and have stated an intention to file that motion before Defendants have responded to the Amended Complaint. *See* ECF No. 17.[1] Their justification for that request is that it promotes judicial economy by combining a motion for summary judgment or, in the alternative, to stay the implementation of the now-paused Lyons Guidance with their concise statement of undisputed material facts. *Id.* at 1-2. The Court should deny this premature motion seeking excess pages or, in the alternative, defer any decision on it for at least three reasons.

---

[1] In their conferral with Defendants regarding this motion, Plaintiffs did not explain why they were moving for leave for excess pages and merely asked whether Defendants consented. Defendants stated their opposition because no reason was given by Plaintiffs during the conferral and because Defendants maintain that the Court should extend the responsive pleading deadline for three months.

*First*, the challenged practice has been paused, and Defendants have a pending motion for extension on that basis. *See* ECF No. 16. The Court should grant that motion and extend the deadline by three months.

*Second*, Defendants have not even responded to the Amended Complaint yet, and the parties have not conferred about what constitutes the factual record in this case. So Plaintiffs' proffered justification for needing 35 pages is unsupported at this stage of the litigation.

*Third*, there are threshold jurisdictional questions that Defendants will raise in their responsive pleading that the Court should resolve before any consideration of a motion for summary judgment, as those issues could resolve the case. This approach best serves the interest of judicial economy so that the Court can address the threshold issues before any decisions on the merits. After the Court addresses those threshold arguments and in the event the case is not dismissed in totality, the parties can then propose a joint briefing schedule containing proposed page limits to address any remaining issues in the case.

Accordingly, the Court should deny Plaintiffs' motion.

Dated: May 29, 2026                        Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

ALEXANDER K. HAAS
Branch Director
Federal Programs Branch

JACQUELINE COLEMAN SNEAD
Assistant Director, Federal Programs Branch

/s/ *J. Stephen Tagert*
J. STEPHEN TAGERT
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.

2

Washington, DC 20005
Tel.: (202) 305-5486
stephen.tagert@usdoj.gov
*Counsel for Defendants*