# EXHIBIT 1

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| GREATER BOSTON LATINO NETWORK, BRAZILIAN WORKER CENTER, INC., and MASSACHUSETTS COMMUNITIES ACTION NETWORK,<br><br>      Plaintiffs,<br><br>  v.<br><br>MARKWAYNE MULLIN, *in his official capacity as Secretary of the U.S. Department of Homeland Security*; U.S. DEPARTMENT OF HOMELAND SECURITY; DAVID VENTURELLA, *in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement*; and U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,<br><br>      Defendants. | Civil Action No. 1:26-cv-10472-JEK |

**PLAINTIFFS' [PROPOSED] REPLY IN SUPPORT OF THEIR MOTION FOR LEAVE TO EXCEED DEFAULT PAGE LIMIT**

Plaintiffs' motion is a request for leave to exceed the default page limit. ECF No. 17. Plaintiffs seek this expansion to allow them to combine two motions into a single filing, furthering judicial economy by presenting both issues to the Court at once. Defendants' opposition fails to address Plaintiffs' motion. Instead, it offers additional support for Defendants' Motion for Extension of Responsive Pleading Deadline, which has already been fully briefed, *see* ECF Nos. 16, 19, 22, and prematurely raises issues with Plaintiffs' forthcoming affirmative motion. Defendants' opposition was also filed after the deadline of 6:00 p.m. on May 29, 2026. Because Defendants' opposition is both substantively nonresponsive and procedurally untimely, the Court should disregard it.

1

Defendants' opposition is not responsive to the instant motion on page limits. Rather, Defendants contend that Plaintiff's motion for summary judgment is premature if filed before Defendants' response to the Amended Complaint. First, the appropriate time for these arguments—including Defendants' "threshold jurisdictional questions" or discussion of the "factual record," ECF No. 23 at 2—is either in response to Plaintiffs' forthcoming affirmative motion for summary judgment[1] or in Defendants' response to Plaintiffs' Amended Complaint. Second, unless the Court directs otherwise, Plaintiffs need not wait for Defendants' answer before moving for summary judgment or a preliminary stay. *See* Fed. R. Civ. P. Rule 56 advisory committee's note to 2009 amendment ("The new rule allows a party to move for summary judgment at any time, even as early as the commencement of the action."); *see also Hawkes v. BSI Fin., Inc.*, 444 F. Supp. 3d 260, 263 n.3 (D. Mass. 2020) ("[A] defendant is allowed to file a motion for summary judgment prior to filing an answer."); *Orr v. Trump*, 778 F. Supp. 3d 394, 433 (D. Mass. 2025) (ruling on plaintiffs' motion for preliminary injunction on April 18, 2025, nearly three months before defendants filed their answer); *see* Def's Answer to Pls' Amended Compl., *Orr v. Trump*, No. 1:25-cv-10313 (D. Mass. July 1, 2025), ECF No. 122.

The Court may also disregard Defendants' opposition and treat Plaintiffs' motion as unopposed because Defendants failed to file their opposition on time. The deadline for Defendants' opposition was 6:00 p.m. on May 29, 2026. *See* ECF No. 17 (filed May 15, 2026); Local Rule 7.1(b)(2) ("A party opposing a motion shall file an opposition within 14 days after the motion is served"); Local Rule 5.4(d) ("All electronic transmissions of documents must be completed prior to 6:00 p.m. to be considered timely filed that day."). Defendants filed their opposition at 8:47 p.m.

---

[1] Note that Plaintiffs do "not oppose a commensurate page extension for Defendants' anticipated response." ECF 17 at 2.

*See* ECF No. 23. Accordingly, the Court can and should disregard Defendants' opposition. *See Rivera-Aponte v. Gomez Bus Line, Inc.*, 62 F.4th 1, 6 (1st Cir. 2023) (recognizing that "district courts have broad discretion" to assign penalties for missed deadlines, including striking untimely submissions); *cf. Moron-Barradas v. Dep't of Educ. of Com. of Puerto Rico*, 488 F.3d 472, 478 (1st Cir. 2007) (noting that "the district court has the discretionary authority to consider a motion for summary judgment unopposed when the non-moving party does not timely file an opposition.").

Dated: June 3, 2026

By their attorneys,

*/s/ Brooke Simone*
Brooke Simone (BBO #718168)
Jillian Lenson (BBO #690653)
Oren Sellstrom (BBO #569045)
Iván Espinoza-Madrigal (BBO #708080)
**LAWYERS FOR CIVIL RIGHTS**
61 Batterymarch Street, 5th Floor
Boston, Massachusetts 02210
(617) 482-1145
bsimone@lawyersforcivilrights.org
jlenson@lawyersforcivilrights.org
osellstrom@lawyersforcivilrights.org
iespinoza@lawyersforcivilrights.org

*/s/ Hannah W. Brennan*
Hannah W. Brennan (BBO #688179)
Thomas M. Sobol (BBO #471770)
Michael H. Lavine (BBO #717587)
Chris O'Brien (BBO #703767)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
One Faneuil Hall Square, 5th Floor
Boston, MA 02109
Telephone: (617) 482-3700
hannahb@hbsslaw.com
tom@hbsslaw.com
michael.lavine@hbsslaw.com
chrisob@hbsslaw.com

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury under the laws of the United States that the foregoing document was electronically filed with the United States District Court using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated: June 3, 2026                                  */s/ Hannah W. Brennan*
                                                     Hannah W. Brennan

4